IVAN H. SUTHERLAND, Esq. (I.D. #012001990)
574 Newark Avenue Suite 211
Jersey City, NJ 07306
(201) 963-9243 Fax: (201) 963-9242
E-Mail: sutherlandesq@yahoo.com
Attorney for the Plaintiff,
Luis Cancinooduardo

| | |
|---|---|
| LUIS CANCINOODUARDO<br>A.k.a. Luis Oduardo Cancino,<br><br>*Plaintiff,*<br><br>vs.<br><br>COUNTY OF CUMBERLAND, CUMBERLAND COUNTY DEPARTMENT OF CORRECTIONS; CHARLES E. ALBINO, Director of Corrections; UMDNJ; JEFFREY POMERANZ, MD; SHERLITO DEDURO, RN; JOHN DOE 1-3 (Names being fictitious) JANE DOE 1-3 (Names being fictitious); and ABC Corporation 1-3 (Names being fictitious. *Defendants* | UNITED STATES DISTRICT COURT<br>DISTRICT COURT OF NEW JERSEY<br><br>CIVIL ACTION<br><br>Civil Action No.: 1:25-cv-14012<br><br>**COMPLAINT** |

Luis Cancinooduardo, an inmate in the custody and under the protection of The Cumberland County Department of Corrections, located at the South Woods State Prison complains of defendants, County of Cumberland, Cumberland County Department of Corrections, The University of Medicine and Dentistry of New Jersey (UMDNJ), unknown entities listed as ABC CORP. 1-3, and unknown medical personnel known as John Doe 1-3 and Jane Doe 1-3, hereinafter referred to as "defendants", and allege as follows:

## INTRODUCTION

This action arises under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988 for deliberate indifference, deliberate neglect, failure to properly train, failure to follow proper procedures and protocols; New Jersey Constitution; and the New Jersey Common Law for the Tort of Negligence and/or Medical Malpractice.

While individual Defendants were acting in the scope of their employment and under color of state law, these Defendants were deliberately indifferent to the Plaintiff, were not properly trained, and/or failed to follow proper procedures and protocols in dealing with the Plaintiff, Luis Cancinooduardo. These Defendants' actions or failure to appropriately act, caused personal injury to Plaintiff, Luis Cancinooduardo, and as such, Plaintiff seeks compensatory, punitive, and injunctive damages.

Action is also brought against the County of Cumberland, the Cumberland County Department of Corrections, by and through its Director, Charles E. Albino; and UMDNJ for their failure to properly train and/or supervise the individual Defendants in the proper protections of its prisoners and for its establishment of policies, procedures, practices, and customs regarding monitoring and treatment of inmates; and creating a safe environment for its prisoners, all of whom are under its care.

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. The jurisdiction of this court is invoked under the provisions of Title 28 of The United States Code, Sections 1331 and 1343.

3. This court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court.

4. Venue of this action is proper under 28 USC § 1391(b) because it is where the Plaintiff resides.

PARTIES

5. Plaintiff, Luis Cancinooduardo, is a resident of Bridgeton, New Jersey and a citizen and/or legal resident of the United States of America.

6. Defendant County of Essex is a governmental entity organized pursuant to New Jersey law. It is a "person" as the term is used in 42 U.S.C. Section 1983. Among other functions, County of Cumberland operates, controls, and promulgates policy for the activities of Defendant, Cumberland County Department of Corrections.

7. Defendant Charles E. Albino is, and was at all times material hereto, the Director of the County of Cumberland Department of Corrections. As such, he was the County of Cumberland's official in charge with the responsibility for promulgating and/or implementing policies and procedures for the County of Cumberland's Department of Corrections and on behalf of the Cumberland County Department of Corrections, which is located at Bates Building, 2nd Floor, Whittlesey Road, Trenton, in the State of New Jersey; all actions or failures to act attributed to the County of

Cumberland Department of Corrections are by and through Charles Albino, in his capacity as Director of same.

9. Defendant University of Medicine and Dentistry of New Jersey "UMDNJ" , University Correctional Health Care whose office location is c/o at Department of Corrections and on behalf of the Cumberland County Department of Corrections, which is located at Bates Building, 2nd Floor, Whittlesey Road, Trenton, in the State of New Jersey; is, and was at all times material hereto, the entity responsible for providing health care services for inmates housed at the Cumberland County Department of Corrections facility, located at South Woods State Prison, and is a "person" as the term is used in 42 U.S.C. Section 1983.

10. Cumberland County Counsel's Office, headed by John Carr, located at 164 West Broad Street, Bridgeton, New Jersey, 08302, acts as legal counsel and representative for Defendants, the County of Cumberland, Charles E. Albino, and the Cumberland County Department of Corrections.

11. At all times hereinafter mentioned, the defendant, Cumberland County Department of Corrections was a public entity organized and existing under and by virtue of the laws of the State of New Jersey.

12. At all times hereinafter mentioned, the defendant, Cumberland County Department of Corrections is a department of the County of Cumberland and at all times employed the unknown individual defendants, John Doe 1-3 and Jane Doe 1-3.

13. At all times hereinafter mentioned, the defendants, John Doe 1-3 and Jane Doe 1-3, were employed by the County of Cumberland and Cumberland County

Department of Corrections. Defendants are sued in their individual and official capacities.

14. Upon information and belief, at all times hereinafter mentioned, the Defendants, University of Medicine and Dentistry of New Jersey and its subsidiary, University Correctional Health Care, and ABC Corp. 1-3 were departments, contractors, sub-divisions, employees, employers, and or contractual affiliates of the County of Cumberland and/or the Cumberland County Department of Corrections and further employed and/or had a contractual relationship with Jeffrey Pomerantz, MD and/or Sherlito Deduro, RN, and other medical staff individuals.

15. At the time of the alleged incident and at all times pertinent hereto, Defendants, jointly and/or severally acted under color of law, of a statute, ordinance, regulation, custom, or usage.

STATEMENT OF FACTS

16. On or about December 9, 2023, plaintiff, Luis Cancinooduardo, suffered cerebrovascular accident (CV), also known as an ischemic stroke, while in the custody of the Cumberland County Correctional Facility.

17. At the time in question, the Plaintiff, Luis Carcinooduardo, was under ongoing medical treatment stemming from and/or was a result of a prior heart valve replacement, which subsequently required having his blood to be monitored and regularly and/or continuously assessed for INR accompanied by the provision of Coumadin and/or Warfarin, with dosage modification; with such administration as being vital and/or medically necessary to prevent blood clots that could lead to a stroke.

18. The defendants continued to fail to attend to the medical needs of the Plaintiff, Luis Carcinooduardo over a period of months prior to July 9, 2023, wherein the systemic inattention and indifference to these medical needs culminated and/or resulted in catastrophic injury to this inmate that continued up to June, 2024 and further to the present.

19. On or about July 9, 2023, Plaintiff, Luis Carcinooduardo was admitted to Inspira Medical Center with complaints of a left side facial droop, left side facial numbness, left sided weakness in arm and leg, chest pain and discomfort.

20. It was noted that he had a prior mitral valve replacement in his heart, and that a continuous regimen blood thinning medication had to be administered and Warfarin was provided.

21. Although his symptoms seemed to be improving, Luis Cancinooduardo was transferred to Capital Health Regional Medical Center for further evaluation and treatment. He was seen by Chan M. Nyein, MD on July 10, 2023, who diagnosed him as having had a stroke with mild left side paralysis, and prescribed that he be administered Heparin intravenously and prescribed Coumadin tablets.

22. There are no records available until August of 2023, when Luis Cancinooduardo was admitted twice with the same symptoms; then ultimately on December 9, 2023, when he was again diagnosed with having had a stroke, this time resulting in complete left side paralysis of arm and leg; and additionally sight loss of his left eye.

23. Presently, the substandard medical treatment continues.

FIRST CAUSE OF ACTION
{42 U.S.C. 1983}

24. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

25. The defendants were knew or should have known of the substantial risk that the inmate, Luis Cancinooduardo, was exposed to, and endured, while under the medical care and/or treatment of a facility operated by and/or through their authority, and/or by contractual relationship with them.

26. The defendants, acting under color of law, violated Plaintiff Luis Cancinoodardo's Eighth and Fourteenth Amendment rights, as enforced through 42 U.S.C. Section 1983, by being deliberately indifferent by failing to provide proper oversight, treatment and/or protection of inmate, Luis Cancinoodardo, who was documented and known to have a medical status and/or condition that could result in vascular embolism (blood clots) that could result in one or more episodes of a stroke or Cerebrovascular Accident (CVA) and the resulting possibility of catastrophic physical injury.

27. Despite being aware of any substantial risks that the inmate, Luis Cancinoodardo, could and/or did develop catastrophic and/or life threatening blood clots, the defendants failed to follow proper procedures of continuity of care which created substantial risk of further harm, which violated appropriate policy and procedure, and the clearly established law in this regard.

SECOND CAUSE OF ACTION

28. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. Defendants through neglect, carelessness, and/or incompetence directly and/or proximately caused the paralysis and subsequent loss of sight and hearing of inmate, Luis Cancinoodardo. The defendants failed to provide adequate care and/or protection to Luis Cancinoodardo.

30. The failure of the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ) , and its employees, to exercise due diligence, proper procedures and precautions, maintain qualified medical personnel, exercise appropriate treatment and standard of care, and were deliberately neglectful in preventing the paralysis and loss of sight and hearing of Luis Cancinoodardo.

THIRD CAUSE OF ACTION
{42 U.S.C. 1983}

31. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. At all times material to the herein complaint, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), acting through the medical staff personnel and

supervisors, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of the defendants. These de facto policies, practices, and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control its employees who repeatedly committed such acts.

33. On information and belief, the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), have failed to effectively screen, hire, train, supervise, and discipline their officers for their failure to protect the decedent from unconstitutional conduct of its employees thereby permitting and allowing the individual defendants to be in a position to cause harm to Luis Cancinoodardo and violate his federal and state constitutional rights.

34. On information and belief, the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), maintained an inadequate structure for risk containment and injury management relative to its prisoners and failed to create proper means of containing such risk and managing such injury. Inter alia, the structure was deficient at the time selection of its employees and thereafter during their employment, in its ability to evaluate and exchange information within the supervisory and/or oversight structure about the performance of medical staff employees, in its training of supervisory personnel to effectively and adequately evaluate performance of medical staff employees

and in its ability to otherwise put the medical provider on notice that an inmate's safety and/or security could be and/or was in fact in jeopardy . The effect of this was to permit employees and/or medical staff and/or medical providers to function at levels of significant and substantial risk to the inmates.

35. As a result of the above described policies and customs, and failure to properly provide and ensure compliance of said policies and/or procedures, the medical providers believed or otherwise operated such that their medical treatment omissions and/or deviations from applicable standards of care would not be properly monitored or subject to oversight by administrative offices and/or departments of the Cumberland County Correctional Facility and/or the County of Cumberland, that deviations in medical care from the applicable standards of care would not be investigated or sanctioned, but instead be tolerated.

36. That the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), failed to adequately and properly hire, train, supervise, discipline, or in any other way control the behavior and performance of the defendants; and the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), failed to exercise due diligence in their hiring practices and management of jail functions; and their failure to enforce proper policies and procedures is evidence of the reckless lack of caution in regard to the rights of the public including the injured inmate, Luis Cancinooduardo, in that the defendants

exhibited a lack of that degree of due care which prudent and reasonable individuals in their positions of authority would show in executing their duties and responsibilities.

37. The failure of the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), to hire, train, supervise, discipline, or in any other way control their employees including the defendants, in the exercise of the employee functions in that the defendants were and are carried out willfully, wantonly, maliciously, and with such reckless disregard for the consequences so as to display a conscious disregard for the dangers of harm and injury to the Plaintiff, Luis Cancinooduardo.

38. Due the acts of the defendant staff members, the failure the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), to discipline and/or properly train and/or supervise the defendants, Luis Cancinooduardo was harmed and/or otherwise injured within the correctional facility as a result.

39. Although the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), knew or should have known of the fact that a pattern of conduct was carried out by its agents, servants, and/or employees and have not taken any steps or made any efforts to halt this course of conduct, to make redress to the injured, Luis Cancinooduardo, or other

citizens injured thereby or to take any disciplinary action whatsoever against any of their employees or agents.

39. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), to the constitutional rights of the inmate, Luis Cancinooduardo, and were the proximate cause of the violations of the inmate Luis Cancinooduardo's rights alleged herein and the emotional and economic damages suffered by him now and/or in the future.

40. The Plaintiff, Luis Cancinooduardo, claims damages for the injuries set forth above under 42 USC §1983 and 42 USC §1988 against the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), for the injuries suffered and/or otherwise endured by him, as set forth above by said defendants acting under color of law.

FOURTH CAUSE OF ACTION
VIOLATION OF 42 USC §1983
SUPERVISORY LIABILITY RESPONDENT SUPERIOR

41. The Plaintiff incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. That the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), were deliberately indifferent in hiring and/or retaining and/or supervising its employee, defendants in that said employees lacked the experience, deportment, and ability to be employed by the defendants in that the defendants failed to exercise due care and caution in its employment practices and in particular in hiring, retaining, supervising, training, and promoting the aforementioned employee.

43. That the aforesaid occurrence to wit: permanent paralysis and loss of sight and hearing on his right side, violation of civil rights, and the infliction of mental/emotional distress and loss of future economic support, were caused wholly and solely by reason of the gross negligence, deliberate indifference, carelessness, and recklessness of the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), without any negligence on the part of the Plaintiff.

## FIFTH CAUSE OF ACTION
## VIOLATION OF NEW JERSEY STATE CONSTITUTION

44. The Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. By the aforementioned acts of defendants, defendants have violated the Plaintiff, Luis Cancinooduardo's rights under the New Jersey State Constitution including but not limited to Article I, Paragraph 1, Paragraph 5, and Paragraph 12 of the

New Jersey State Constitution thereby giving rise to the constitutional protections pursuant to Article I.

46. The conduct and actions, set forth above, of defendant acting under color of law, violated the Plaintiff, Luis Cancinooduardo's rights under the New Jersey State Constitution and proximately caused the harms, already set forth above, to Plaintiff.

47. The County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), through their officers, agents, servants, and employees violated Plaintiff's rights under the New Jersey State Constitution and New Jersey statutory legislation because they knew or should have known about the lack of training and supervision of medical staff personnel and where they made a deliberate choice to follow this willful course of conduct, risking harm to the citizens of the State of New Jersey and proximately causing the harm, as set forth above, to the Plaintiff, Luis Cancinooduardo.

SIXTH CAUSE OF ACTION
MEDICAL MALPRACTICE

48. The Plaintiff incorporates by reference, the allegations set forth in all preceding Paragraphs, as if fully set forth herein.

49. As a result of the tortious injury of the Plaintiff, Luis Cancinooduardo, due to the intentional, reckless, careless, and/or negligent actions of the defendants, Jeffrey Pomerantz, MD and/or Sherlito Deduro, RN, whose omissions to provide the medically appropriate and medically necessary care on dates that include but not limited to August 4, 2023, August 7, 2023, and August 23, 2023, such omissions were acts of repeated

gross deviations from the standard of care expected and/or otherwise required in the treatment of Luis Carcinooduardo; such omissions of care directly and/or proximately caused injury and/or exacerbated the existing injury, that resulted in the further paralysis of the Plaintiff, Luis Carcinooduardo's left arm and leg, as well as the loss of sight in his left eye, and loss of hearing in his left ear. Jeffrey Pomerantz, MD and/or Sherlito Deduro, RN had a duty of care that was breached by failing to provide more than just approving the continued but failing minimal treatment of Coumadin tablets of 11 mg and mere monitoring of INR without distinction or instruction that the INR must be maintained between 2.5 and 3.5, otherwise, intravenous Heparin drip would be required to stabilize Plaintiff's blood INR in order to minimize or otherwise prevent clotting that could result in a cardiovascular accident (CV) or stroke, which eventually was found to have occurred on or about December 9, 2023, during medical examination when his INR level was found to be subtherapeutic, and/or otherwise below 2.5. In August 2023, examination indicated that Plaintiff had increase and/or debilitating weakness in his left extremities, and yet, and despite this fact, the omission of medically necessary treatment occurred at that time and was continued to December, 2023, and which resulted in Plaintiff's complete left side paralysis. Furthermore, the final level of degree of complete paralysis could have been diminished and/or prevented, but for, the omissions and/or deliberate indifference to the then current, and later continued, medical needs of Plaintiff at that time and going forward. These omissions and the deliberate indifference occurred despite the previously prescribed medical treatment protocol that was requested, administered, and documented by prior medical staff and providers. This treatment protocol documented improvement and indicated, not only the prevention of further

paralysis, but also improvement, which demonstrates the extent of Jeffrey Pomerantz, MD and/or Sherlito Deduro, RN failures to act were gross deviations and exhibited a reckless disregard by not providing and/or directing the provision of the appropriate anticoagulant treatment.

50. On or about April 19, 2023, Christine Hartranft, APN, a medical staff member of the New Jersey Department of Corrections, had a consultation with Mark Soffer, MD, a cardiologist regarding the appropriate treatment protocol of inmate, Luis Cancinooduardo, specifically as to INR monitoring and the administration of Coumadin. This consult and the recommendations provided were submitted to the electronic medical records of Luis Cancinooduardo on April 21, 2023. Although Christine Hartranft acted appropriately in her care and treatment of Luis Cancinooduardo, many staff members did not follow up on the cardiologist's treatment recommendations. On diverse dates subsequent to this date, leading up to or about July 10, 2023, when he was hospitalized and diagnosed with having had a stroke (CVA), and numerous dates afterward, Luis Cancinooduardo complained of chest pain and/or weakness in his left arm and leg, and exhibited a left-sided facial droop with a consistently subtherapeutic or low INR number indicating that the anticoagulant treatment protocol was not being met. Furthermore, this lack of medically advised treatment was sporadic at best and only upon emergency after the stroke event (CVA) had occurred, as again on or about December 9, 2023, when medical records indicate a complete paralysis of the left arm and leg of inmate, Luis Cancinooduardo. These records indicate repeated and continuous dates of acts that constitute medical malpractice by various medical staff individuals, yet to be identified. This type and form of dereliction and deviation from duty and medical responsibility by

medical staff is shown to be ongoing and continuous from April 21, 2023 up to and including on June 13, 2024, when Monica Tsakiris, APN submitted a medical report entry indicating that her medical assessment which mentions that because there were no medical records available for review, therefore she is unable to adequately provide stroke care. That the medical records are needed before determining proper management can be achieved. Up to June 28, 2024, when inmate, Luis Carcinooduardo was being seen for therapy by Monica DiVito, OTR-CHT, she noted that this inmate has been in an inoperable wheelchair has limitations in his ability to care for himself.

51. Further, the defendants, the County of Cumberland, the Cumberland County Correctional Facility (by and through its director, Charles E. Albino), the South Woods State Prison Medical Care Unit, and University of Medicine and Dentistry of New Jersey (UMDNJ), were responsible for the injuries suffered and/or acquired by inmate, Luis Cancinooduardo, by failing to properly train and supervise the defendants, which resulted in the catastrophic injuries of Luis Cancinooduardo and the loss of physical and/or bodily function, emotional distress, and loss of future economic support for himself upon release.

## Conclusion

It is submitted to the Court, that the appropriate redress for those convicted of crimes and sentenced to a period of incarceration is the confinement in and of itself. Prisoners are, pursuant to all of the constitutional mandates herein, such as the Eighth Amendment; to be afforded protection from treatment that goes beyond the expected punishment of confinement. Paralysis and loss of other body function that stems from deliberate indifference and medical malpractice by prison officials, and their agents, should not be tolerated as being acceptable treatment for inmates or anyone else.

PRAYER FOR RELIEF

WHEREFORE, on the basis of the foregoing, the Plaintiff, demands the following relief:

(1) Accept jurisdiction over the parties;

(2) Empanel and charge a jury with respect to this action;

(3) Compensatory and punitive damages with pre and post-judgment interest to compensate him for the injuries he has and will suffer;

(4) Order defendants to pay cost of suit.

(5) Order defendants to pay the reasonable attorneys fees and other costs incurred by Plaintiff as provided by Section 1988 of Title 42 and the Civil Rights Acts;

(6) Award Plaintiff any other relief deemed necessary, just and proper, Including Declaratory and Injunctive relief.

DEMAND FOR JURY TRIAL
Plaintiff demands a trial by jury on all issues so triable.

Dated: July 31, 2025

Respectfully submitted,

Ivan H. Sutherland

Ivan H. Sutherland, Esq.
Attorney at Law (I.D. #012001990)
574 Newark Avenue
Suite 211
Jersey City, New Jersey 07306
Telephone: (201) 963-9243

CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I hereby certify that the matter in controversy is not the subject of any other action or proceeding pending in any Court or in any pending arbitration or administrative proceeding.

Ivan H. Sutherland, Esq.
Attorney at Law (I.D. #012001990)

Dated: July 31, 2025